**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| DONNIE L. WARE, | : |
| Plaintiff, | : |
| v. | : Case No. 7:07-CV-162 (WLS) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : |
| Defendant. | : |

## **RECOMMENDATION**

Presently pending before the Court is Plaintiff's Attorney's Motion for Attorney's Fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As allowed by the EAJA, Petitioner has filed a motion for attorney fees and costs. Petitioner seeks an award of attorney's fees in the amount of $848.20[1], based upon an hourly rate of $151.00 for 2.2 attorney work hours, $79.00 for 4.0 law school student hours, and $50.00 for 4.0 paralegal work hours. Defendant has no objection to the dollar amount requested by Plaintiff's counsel under the EAJA.

Accordingly, Plaintiff's counsel has met his burden and it is Recommended that his Motion for Attorney fees under the EAJA be **GRANTED** as follows: Plaintiff is entitled to $848.20, based upon an hourly rate of $151.00 for 2.2 attorney work hours, $79.00 for 4.0 law school student hours, and $50.00 for 4.0 paralegal work hours.

---

[1] Claimant requested a total fee of $838.20, which appears to be a clerical error as the sum of the three types of work hours is $848.20.

Defendant does object, however, to the payment of any fees directly to Plaintiff's counsel, rather than Plaintiff. (R-20). Plaintiff's counsel was ordered to respond to this objection, but failed to do so. (R-21).

The EAJA specifically states that attorney fees and other expenses should be awarded "to a prevailing party" where the government's position was not substantially justified and no special circumstances prevent an award. *See* 28 U.S.C. §§ 2412(d)(1), 2412(d)(2)(A). Under the plain language of the statute, EAJA fees are properly awarded to the plaintiff, who is the "prevailing party," not his attorney. *See generally, Chevron, U.S.A., Inc. V. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 860 (1984). The Court of Appeals for the Eleventh Circuit addressed this issue in *Panola Land Buying Ass'n v. Clark*, finding that the plaintiff's attorney had no independent claims to attorney's fees under the EAJA. 844 F.2d 1506, 1509-11 (11th Cir. 1988). Specifically, the court stated, "[i]t is readily apparent that the party eligible to recover attorney's fees under the EAJA as part of litigation expenses is the prevailing party" and that Plaintiff's counsel did not have a separate claim under EAJA for his fees. *Id*. at 1509-10. Additionally, the Eleventh Circuit recently upheld a Middle District of Alabama case which determined that an EAJA award was correctly awarded to the prevailing party, the plaintiff in a social security disability case. *Reeves v. Astrue*, 2008 WL 1930587 (May 5, 2008). Plaintiff's counsel failed to present any documentation or written agreement with his client allowing for payment of EAJA fees directly to the attorney. For the above-stated reasons, it is hereby recommended that the EAJA fees be awarded directly to Plaintiff.

**WHEREFORE**, it is the recommendation to the United States District Judge that Petitioner's Motion for Attorney's fees pursuant to 28 U.S.C. § 2412 (d) be **GRANTED**, and that payment be paid and forwarded directly to the Plaintiff in the amount of $848.20. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with the United States District Judge within ten (10) days after being served a copy.

**SO RECOMMENDED**, this 7th day of May, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc